Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Elizabeth L. Harrier, Esq. (SBN 319550)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
vgranberry@lelawfirm.com
eharrier@lelawfirm.com
WHT1@lelawfirm.com

Attorneys for Plaintiff HECTOR A. AVILA,
on behalf of herself and others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HECTOR A. AVILA, on behalf of himself and others similarly situated,

Plaintiff,

vs.

NORTHWOOD HOSPITALITY LLC; and DOES 1 to 100, inclusive,

Defendants.

**Case No.: 2:23−cv−09598−SB−AS**

**CLASS ACTION**

*[Assigned For All Purposes To The Hon. Judge Stanley Blumenfeld, Jr., Courtroom 6C]*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND THE ACTION TO STATE COURT AND REQUEST FOR ATTORNEYS' FEES IN THE AMOUNT OF $8,000.00**

[*Filed concurrently with Notice of Motion and Motion to Remand; Elizabeth L. Harrier Declaration in Support Thereof; and [Proposed] Order*]

Hearing Information:
Date: January 26, 2024
Time: 8:30 a.m.
Courtroom: 6C

Complaint: September 18, 2023
Removal: November 13, 2023

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. FACTUAL BACKGROUND ............................................................ 1

IV. LEGAL STANDARD ..................................................................... 2

A. Federal Courts Are Courts of Limited Jurisdiction .............................. 2

B. The Ninth Circuit Has A Strong Presumption Against Removal ......... 3

C. Defendant Must Establish the Jurisdictional Facts by a Preponderance of Evidence ........................................................ 4

D. Defendant May Only Use Plaintiff's Complaint And "Summary Judgment Type Evidence" to Prove The Amount In Controversy ............................................................ 5

V. ARGUMENT ................................................................................ 6

A. The Amount in Controversy is Not Satisfied ....................................... 6

VI. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN LITIGATING THIS MOTION ............................ 10

VII. CONCLUSION ........................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)................................3, 4

*Akana v. Estee Lauder, Inc.*, 19-cv-00806, 2019 WL 2225231, (C.D. Cal. May 23, 2019)……………………………………………………………………7, 8

*Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000)........10

*Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988)..........................................................3

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)………3

*Dead Kennedys v. Biafra*, 46 F. Supp. 1028 (1999)..............................................11

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018)……...3

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992)..........................................2, 3, 4, 5

*Gotro v. R&B Realty Group*, 69 F.3d 1485 (1995) ..............................................11

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)……………5

*Hayes v. Salt & Straw, LLC*, No. CV 20-03063-CJC(KSx), 2020 U.S. Dist. LEXIS 92475, (C.D. Cal. May 27, 2020)…………………………………………………9

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)………..3, 7, 8, 9

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)……………………2

*Koreisz v. On Q Fin'l Inc.*, 18-cv-08662, 2018 WL 6567694, at *3 (C.D. Cal. Dec. 12, 2018)…………………………………………………………………………..8

*Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1205 (E.D. Cal 2008)….5

*Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)……………………...3

*Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416 (9th Cir. 1989)..................11

*Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062 (9th Cir. 1979)..........................
4

*Lowdermilk v. United State Bank Nat'l Ass'n*, 479 F3.d 994, 1004 (9th Cir. 2007)…5

*Maddox v. Continental Casualty Co.*, 2011 WL 641511 (C.D. Cal. Feb. 10, 2011)...7

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ........................................... 11

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) ........................... 4

*Mix v. Allstate Ins. Co.*, No. CV 00-835 RCTX, 2000 WL 1449880 at *1(C.d. Cal. 2000)……………………………………………………………………5

*Moore v. Permanent Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) .................. 11

*Otay Land Co. v. United Enters.*, 672 F.3d 1152 (9th Cir. 2012) ............................... 11

*Pac. Mar. Ass'n v. Mead,* 246 F. Supp.2d 1087 (N.D. Cal. 2003)............................... 4

*Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009) ......................... 10, 11

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999)………..2

*Roth v. Comercia Bank*, 799 F.Supp. 2d 1107, 1129 (C.D. Cal. 2010)……………...6

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)…………..5

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)……..10

*Sneddon v. Hotwire, Inc.*, Case No. C 05-0951 SI, 2005 U.S. Dist. LEXIS 13257 (N.D. Cal. June 29, 2005)....................................................................................... 3

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) .................. 3

*Toribio v. ITT Aerospace Controls LLC*, 19-cv-5430, 2019 WL 4254935, (C.D. Cal. Sept. 5, 2019)……………………………………………………………...7

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)……………………5

*Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, 2005 WL 1513130 (N.D. Cal. 2005)........................................................................................................ 11

*Weston v. Helmerich & Payne Int'l Drilling Co.*, No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, (E.D. Cal. Sept. 17, 2013)……………………………………8

**FEDERAL STATUTES**

28 U.S.C. § 1332.................................................................................1, 2, 3, 4, 6

28 U.S.C. § 1441.......................................................................................... 1, 2

28 U.S.C. § 1446.............................................................................................. 2

28 U.S.C. § 1447 ........................................ 10, 11

28 U.S.C. § 1453 ........................................ 2

**STATE STATUES**

Business and Professions Code sections 17200, *et seq.* ........................................ 1

California Labor Code § 201 ........................................ 1

California Labor Code § 202 ........................................ 1

California Labor Code § 203 ........................................ 1

California Labor Code § 204 ........................................ 9

California Labor Code § 226 ........................................ 1

California Labor Code § 226.7 ........................................ 1

California Labor Code § 510 ........................................ 1

California Labor Code § 512 ........................................ 1

California Labor Code § 1194 ........................................ 1

California Labor Code § 1197 ........................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Plaintiff HECTOR A. AVILA ("Plaintiff") seeks an order remanding this action to the Los Angeles Superior Court on the grounds that Defendant NORTHWOOD HOSPITALITY LLC ("Defendant") improperly removed this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332(d) and 1441. Specifically, Defendant failed to show that the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## II. FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges that Defendant currently employs him as an Event Captain from in or around April 2010, to the present. *See* Dkt. No. 1-1, Exhibit A, "Complaint" at p. 3.

On September 18, 2023, Plaintiff filed this putative wage and hour class action Complaint on behalf of himself and other similarly situated hourly non-exempt employees of Defendant who worked in California in the Superior Court of the State of California – County of Los Angeles, Case No. 23STCV22593. The Complaint alleges the following causes of action against Defendant: (1) Failure to pay wages for all hours worked at minimum wage in violation of labor code sections 1194 and 1197; (2) Failure to pay overtime wages for daily overtime worked in violation of labor code sections 510 and 1194; (3) Failure to authorize or permit meal periods in violation of labor code sections 512 and 226.7; (4) Failure to authorize or permit rest periods in violation of labor code section 226.7; (5) Failure to provide complete and accurate wage statements in violation of labor code section 226; (6) Failure to timely pay all earned wages and final paychecks due at time of separation of employment in violation of labor code sections 201, 202, and 203; and (7) Unfair business practices, in violation of business and professions code sections 17200, et seq. *See* Dkt. No. 1-1, Exhibit A, "Complaint," *generally.*

On November 13, 2023, Defendant filed its Answer in Los Angeles Superior Court, asserting its general denial and affirmative defenses to Plaintiff's Complaint.

On November 13, 2023, Defendant removed this action from the Los Angeles Superior Court to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332, 1441, 1446, and 1453. *See* Dkt. No. 1, Notice of Removal, *generally.*

On November 28, 2023, the Parties telephonically met and conferred regrading Plaintiff's basis for remand. The Parties again met and conferred via email on December 4, 2023. *See* Declaration of Elzabeth Harrier, ¶ 4.

Defendant's removal is improper because it cannot establish the amount in controversy as required by CAFA. This Court should not base its subject-matter jurisdiction on Defendant's speculative and flawed assumptions regarding the amount in controversy as required by CAFA. There are serious doubts as to the propriety of Defendant's removal, as discussed further below. Therefore, this case must be remanded to state court.

## III. LEGAL STANDARD

### A. Federal Courts Are Courts of Limited Jurisdiction

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. *Id*. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, **'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million**." *Id*. at 788–89 (quoting *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" *Id*. at 793 (quoting *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." *Id*. at 1199.

### B. The Ninth Circuit Has A Strong Presumption Against Removal

Removal statutes are strictly construed against removal jurisdiction in the Ninth Circuit. *See Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern*

*Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "Federal jurisdiction must be rejected if there is *any doubt* as to the right of the removal in the first instance," because lack of federal jurisdiction would make litigating the disputed matter in federal court a futile effort. *Gaus*, 980 F.2d at 566 (emphasis added) (citing *Libbhart v. Santa Monica Diary Co.*, 592 F.2d 1062, 1067 (9th Cir. 1979).

This strong presumption against removal jurisdiction equally applies to removal under CAFA. *See Sneddon v. Hotwire, Inc.*, Case No. C 05-0951 SI, 2005 U.S. Dist. LEXIS 13257, at *5 (N.D. Cal. June 29, 2005) (internal citations omitted). As a result, the Ninth Circuit has held that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

On a motion for remand for lack of federal jurisdiction, the non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead,* 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (*citing Gaus*, 980 F.2d at 566).

### C. Defendant Must Establish the Jurisdictional Facts by a Preponderance of Evidence

A defendant who removes a case to federal court bears the burden of establishing jurisdictional facts of complete diversity of the parties and the amount in controversy. *Abrego v. Dow Chemical Co*., 443 F.3d 676, 682-83 (9th Cir. 2006). When the plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus*, 980 F.2d at 566-67 (quoting *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

CAFA jurisdiction requires that the aggregate amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Defendants have the burden of proving that the amount in controversy exceeds CAFA's $5 million jurisdictional requirement. (*See Gaus*, 980 F.2d at 566-567.) "[W]here a

plaintiffs state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled...we apply the preponderance of the evidence standard.")

### D. Defendant May Only Use Plaintiff's Complaint And "Summary Judgment Type Evidence" to Prove The Amount In Controversy

If Defendant attempts to satisfy its burden in establishing jurisdiction, it must do so with nothing less than competent evidence. *See Gaus*, 980 F.2d. at 567 (jurisdictional facts must be established with "competent proof"); *Sanchez*, 102 F.3d at 404 ("[T]he defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") The strict "presumption [against removal] can only be overcome if the [removing] defendant can prove… – **with summary judgment type evidence** – that the factual circumstances of the case are such that it is more likely than not that the [amount in controversy] requirement is satisfied. (citations omitted)." *Mix v. Allstate Ins. Co.*, No. CV 00-835 RCTX, 2000 WL 1449880 at *1(C.d. Cal. 2000) (emphasis added); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199, 1205 (E.D. Cal 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal[.]') citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "A court cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture.'" *Korn*, 536 F. Supp. 2d. at 1205, citing *Lowdermilk v. United State Bank Nat'l Ass'n*, 479 F3.d 994, 1004 (9th Cir. 2007). Here, Defendant failed to provide all competent evidence, at the time of their

removal, that the requisite amount in controversy is met in order to sustain its burden of proof.

## IV. ARGUMENT

### A. The Amount in Controversy is Not Satisfied

Defendant is unable to establish the amount in controversy threshold under 28 U.S.C. §1332(d)(2). Defendant's calculations of the amount in controversy in its Notice of Removal are based largely on several assumptions that are neither explained nor supported by evidence. Defendant's Notice of Removal simply restates Plaintiff's allegations with no substantive calculations. *See* Dkt. No. 1, Notice of Removal at p. 4:18-10:15. Without any justification or evidence to support its position, Defendant summarily concludes that Plaintiff's putative class claims is $8,934,816. *See* Dkt. No. 1, Notice of Removal at p. 16:10-15. Defendant merely provides general statements, with little to no support or evidence. Calculations of wage and hour claims using assumed variables where the Complaint does not provide a basis for a clear calculation of those variables "improperly shift[s] the burden to plaintiff to refute speculative assertions of jurisdictions" and ignores "'the strong presumption' against removal jurisdiction." *Roth v. Comercia Bank*, 799 F.Supp. 2d 1107, 1129 (C.D. Cal. 2010).

The only evidence that Defendant provides is a declaration from the Senior Vice President, Human Resources, stating the number of current and former employees in the class period, the average hourly rate, and the number of workdays/workweeks. *See* Dkt. No. 1-2, Declaration of Tricia Price. What Defendant fails to do, is provide the underlying evidence as to how it reached its conclusion. In fact, Ms. Price does not identify *how* Defendant reached the conclusion that Plaintiff and putative class members possibly worked two and one-half hours of unpaid minimum wage per workweek during their employment. Instead, Ms. Price focuses on calculating the rate of pay and potential unpaid wages. *See* Dkt. No. 1-2, Declaration of Tricia Price. As a result, several equally valid

assumptions based on missing variables would result in a figure well below the CAFA amount in controversy requirement. *Maddox v. Continental Casualty Co.*, 2011 WL 641511 (C.D. Cal. Feb. 10, 2011) (remanding action where defendant's calculation were impermissibly speculative by assuming two missed meal or rest breaks per week and at least 10 hours of overtime per week and holding that "equally valid assumptions could be made that result in damages" below the required threshold).

In *Akana v. Estee Lauder, Inc*., the Court found Defendants' estimated violation rate of one noncompliant meal break and one noncompliant rest break per week per employee was not supported by the evidence. 19-cv-00806, 2019 WL 2225231, at *6 (C.D. Cal. May 23, 2019). Defendants argued that the language in the Complaint supported "an assumed high violation rate because it [was] alleged that 'Defendants had a policy or practice of not providing' meal and rest periods." *Id*. at 7. The Court however, found that, as in *Ibarra*, Defendants "relied on an assumption rate of its alleged labor law violations that was not grounded in real evidence," despite having the burden of proof as to the amount in controversy. *Id*. (citing Ibarra 775 F.3d at 1198). In *Akana*, the Court noted that the allegations in *Ibarra* also concerned those as to a "pattern and practice." Nevertheless, *Ibarra* held that to support a claim as to the amount in controversy, the defendant must present evidence, not bare assumptions, as to the violation rate, and relying on this type of language in the complaint was insufficient. *Id. See also Toribio v. ITT Aerospace Controls LLC*, 19-cv-5430, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019) ("As is true in many such [wage-and-hour cases], Aerospace has attempted to read the vague tea leaves strewn about by Plaintiff in the Complaint, which in this instance is based upon Plaintiff's allegations of a 'pattern and practice' of various violations. From those meager offerings, Aerospace has attempted to supply violation rates . . . of one meal break violation and one rest break violation per week. . . . What Aerospace cannot do is simply pull violation rates out of thin air, . . . and

conclusively state that they are 'reasonable inference[s]' about the most important variables involved in the necessary calculations."); *Koreisz v. On Q Fin'l Inc*., 18-cv-08662, 2018 WL 6567694, at *3 (C.D. Cal. Dec. 12, 2018).

Further, Defendant's calculations assumes that all potential members of the class/sub-class should be included in the amount in controversy. Indeed, Defendant applies a 100% non-compliance rate to each of Plaintiff's allegations with no evidence. *See* Dkt. No. 1, Notice of Removal. Defendant offers no reason "grounded in real evidence" as to why these violation rates for Plaintiff's claims are appropriate. *See Ibarra*, 775 F.3d at 1197, 1199 (stating that "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," and that "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them"); see also *Akana*, 2019 WL 2225231, at *6 ("[S]ome factual basis is required once the amount in controversy has been contested.

As in *Ibarra*, Defendants 'relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence,' despite having the burden of proof as to the amount in controversy."); *Weston v. Helmerich & Payne Int'l Drilling Co*., No. 1:13-cv-01092-LJO-JLT, 2013 WL 5274283, at *6 (E.D. Cal. Sept. 17, 2013) ("Defendant is not obligated to prove Plaintiff's case . . . [but] there are methods of determining a reasoned basis for the calculations such as random sampling and . . . using actual numbers . . . or, at a minimum, explaining why Defendant's methodology and assumptions make sense.").

The Ninth Circuit Court of Appeals found that a plaintiff's allegation of a "'pattern and practice' of doing something does not necessarily mean always doing something." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015). Specifically in *Ibarra*, the plaintiff alleged that there was a "pattern and practice" of labor law violations but did not allege that the "pattern and practice" was always followed each time there could have been a wage and hour violation. Therefore, the

defendant could not reasonably assume that there was a 100 percent violation rate for purposes of calculating the amount in controversy. Similarly, the California Central District Court found that it was not reasonable to assume a 100 percent violation rate where a plaintiff alleges a "pattern and practice" of waiting time penalties. *Hayes v. Salt & Straw, LLC*, No. CV 20-03063-CJC(KSx), 2020 U.S. Dist. LEXIS 92475, at *8-9 (C.D. Cal. May 27, 2020). The Court turned to plaintiff's complaint to determine whether defendant's assumption was reasonable. Plaintiff's complaint did not allege uniform violation, and instead stated "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." *Id.* at *12. Because Plaintiff's complaint only alleged a pattern and practice of violations, defendants cannot reasonably assume a 100 percent violation rate. *Id.* at *12.

As in *Ibarra* and *Hayes*, Plaintiff in this case allege that Defendant maintained policies, practices, and/or procedures that failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked, to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, to provide Plaintiff and similarly situated employees with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, to provide Plaintiff and similarly situated employees with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, to pay Plaintiff and similarly situated employees their earned wages within the applicable time frames outline in Labor Code section 204, to provide Plaintiff and similarly situated employees with accurate wage and hour statements, and to issue wages to Plaintiff and similarly situated employees within seventy-two (72) hours of resignation. *See* Dkt. No. 1-1, Exhibit A, "Complaint," *generally*. Based on the plain

language of Plaintiff's complaint, it is unreasonable to assume a 100 percent violation rate for waiting time penalties. Defendant provides no facts to support its assumptions. *See* Dkt. No. 1, Notice of Removal, *generally*. Thus, neither the Complaint nor Defendant's Declaration provide a reasonable basis to support Defendant's assumed violation rates.

In addition to the facts alleged in the Complaint, taken as true for purposes of calculating the amount in controversy, the Court must also consider "summary judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Defendant only relied on the facts pled in Plaintiff's Complaint and completely disregarded providing support in the form of "summary-judgment-type" evidence for its wholly inaccurate calculations, and simply concluded that the amount in controversy is met. The Declaration of Tricia Price does not constitute or contain sufficient evidence to support the assertions made in Defendant's Notice of Removal as to the amount in controversy in this action. Such conclusory allegations and assumptions do not establish by a preponderance of the evidence that the amount in controversy is satisfied. *Abrego, supra*, 443 F.3d at 683. Thus, the Court should hold that Defendant has failed to establish the amount in controversy is more likely than not to exceed $5,000,000, that Defendant's removal under the CAFA is not proper as a result of this failure and issue an order remanding this action to the Los Angeles Superior Court.

## V. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS INCURRED IN LITIGATING THIS MOTION

When a district court grants a motion for remand, it "may order the defendant to pay plaintiff the "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.'" *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009) (quoting 28 U.S.C. § 1447(c)). The award of such attorney fees "does not require a showing that removal was in bad faith." *Id.*; *Balcorta v.*

*Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106, n.6 (9th Cir. 2000). District courts award attorney's fees and costs under section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Otay Land Co. v. United Enters*., 672 F.3d 1152, 1157 (9th Cir. 2012) (citing *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005)).

Further, because "[f]ederal subject matter jurisdiction . . . cannot be conferred by consent," *Kruso v. International Tel. & Tel. Corp*., 872 F.2d 1416, 1426, fn. 12 (9th Cir. 1989), a request for sanctions does not affect a motion to remand. See, e.g., Padilla, 697 F. Supp. 2d at 1160 (granting plaintiff's motion to remand and ordering the defendant to pay the plaintiff's counsel $2,653.80 in attorney fees and costs.)

In determining whether to award legal fees, no finding of bad faith is necessary. *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487 (1995); *Moore v. Permanent Medical Group, Inc*., 981 F.2d 443, 446 (9th Cir. 1992); *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co*., 2005 WL1513130 (N.D. Cal. 2005). As a matter of public policy, the party forced to bring a motion to remand an improperly removed case generally should be fully reimbursed for its costs in remanding the case whether the removal was in bad faith or otherwise. The court's award of fees is not a punitive award against the defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendants inflicted. *Dead Kennedys v. Biafra*, 46 F. Supp. 1028, 1030 (1999).

Here, Plaintiff's counsel respectfully requests that the Court reimburse Plaintiff his attorneys' fees incurred in the research, drafting, and filing of this Motion; the anticipated review of Defendant's Opposition thereto; researching, drafting, and filing the Reply; and the anticipated attendance at the hearing on this Motion in the amount of $8,000.00. Declaration of Elizabeth Harrier ¶ 5.

/ / /

/ / /

/ / /

## VI. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant this motion, remand the action to state court, and award attorney's fees/costs in the sum of $8,000.00.

Dated: December 11, 2023

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: */s/Elizabeth L. Harrier*
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Elizabeth L. Harrier, Esq.
Attorneys for Plaintiff
HECTOR A. AVILA, on behalf of herself and others similarly situated